This is the plaintiff's appeal bringing up for review "the judgment of dismissal made by the trial judge" on defendant's motion, upon conclusion of plaintiff's case.
It is noted that the appendix does not contain the judgment.Rule 1:3-1 provides: "The appellant shall print as *Page 52 
part of his appendix the judgment * * * appealed from * * *." This appeal, however, has been fully argued and is ready for decision. The court has checked and ascertained that the record on appeal includes a copy of the judgment in accordance withRule 1:2-21. We accept the appeal rather than dismiss it as could be done under the rule.
The suit against defendant is cast in four counts, the first count is for the return of moneys asserted to have been paid on January 4, 1947, by the plaintiff (who was an infant at the time) to defendant as a deposit on the purchase of property in the Town of Belleville. The second count in substance asserts the allegations of the first count and that plaintiff on the attainment of her majority on the 15th of January, 1947, did not ratify or affirm the receipt given in connection with the transaction, but on the contrary did repudiate and disaffirm it. The third count refers to the receipt and alleges the payment of $1,000 as a deposit at the time of its making and that there was a failure to convey by the defendant. The fourth count, also referring to the receipt, states that the contract was voidable by reason of the plaintiff's infancy and charges in substance unlawful conversion of the deposit money by the defendant.
The facts are that on January 4, 1947, the father and mother of plaintiff entered into negotiations for the purchase of premises at 118 Cortlandt Street, Belleville, New Jersey. On that day and during and after the inspection of the property, certain deposits were made by the father, the first of $500 and the second of a like amount, the total amounting to $1,000. The mother of the plaintiff testified that these payments were made on account of the purchase price, that the property was to be purchased for the infant daughter Jeanne, to be conveyed to her some time after she attained her majority. The receipt ran to this plaintiff but her name was signed to it by the mother on her behalf without the knowledge, acquiescence or other participation on the part of the plaintiff. Plaintiff's testimony clearly indicates such was the fact. On cross-examination she stated "I had nothing to do with the matter whatsoever." *Page 53 
A contract was subsequently drawn and tendered to the defendant and signed by him. The contract was drawn up for and approved by the plaintiff's parents but not signed by this plaintiff.
The argument of counsel for the plaintiff appears to be that plaintiff is entitled to recover either on the theory of money paid over by her, or the disavowal by her of the form of receipt originally signed with her name by her mother and without her authority or knowledge; or that there was a breach of contract or contract voidable by the plaintiff on the theory of infancy. The money paid on account was not hers. There was no gift of the money by the father, since the situation as reflected by the testimony in connection with the original negotiations indicates that the paternal intent was to convey the real estate after the plaintiff attained her majority.
The purported disavowal by the plaintiff (as indicated in the pleadings which are part of the record) is meaningless. Plaintiff at no time was a party to the negotiations.
The allegations of the fourth count are negatived by the testimony in the record indicating that when a contract was tendered, it was not signed by the plaintiff. The alleged disaffirmance of the receipt is equally meaningless since there was nothing to disaffirm for that she was, as her testimony indicates, a stranger to the whole transaction.
On the record and briefs as presented, as well as the oral argument had before us we conclude that the appeal of the plaintiff is without merit.
The judgment under appeal is affirmed. *Page 54